1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    ROXANE A. POLIDORA (CA Bar No. 135972)
2   roxane.polidora@pillsburylaw.com
    ANDREW D. LANPHERE (CA Bar No. 191479)
3   andrew.lanphere@pillsburylaw.com
    LINDSAY A. LUTZ (CA Bar No. 254442)
4   lindsay.lutz@pillsburylaw.com
    Four Embarcadero Center, 22nd Floor
5   San Francisco, CA  94111
    Telephone: (415) 983-1000
6   Facsimile: (415) 983-1200

7   Attorneys for Defendant
    HOME DEPOT U.S.A., INC.

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13  ORCHARD SUPPLY HARDWARE LLC,          Case No.: 12-CV-6361 JST

14                    Plaintiff,           ANSWER OF DEFENDANT HOME
                                           DEPOT TO PLAINTIFF'S SECOND
15          vs.                            AMENDED COMPLAINT

16  HOME DEPOT USA, INC., MILWAUKEE        Courtroom:
17  ELECTRIC TOOL CORPORATION, and        Judge:
    MAKITA USA, INC.,
18                    Defendants.          Second Amended Complaint
                                           Filed: May 24, 2013
19

20

21

22

23

24

25

26

27

28

704833910v7                      - 1 -

1    Defendant HOME DEPOT USA, INC. ("Defendant" or "Home Depot"), by and

2    through its attorneys of record, hereby answers the Second Amended Complaint ("SAC")

3    (Dkt. 53) filed by Orchard Supply Hardware LLC ("Plaintiff" or "Orchard") in this Court

4    on May 24, 2013.

5                    **RESPONSES TO THE ALLEGATIONS**

6           To the extent the allegations in the SAC refer to the first, third or sixth causes of

7    action, no response is required, as the Court has dismissed the first, third, and sixth causes

8    of action against all Defendants.  See September 19, 2013 Order Granting in Part and

9    Denying in Part Motion to Dismiss the Second Amended Complaint (Dkt. 59) ("Order").

10   Home Depot states that the Court dismissed Plaintiff's second, fourth, fifth, and seventh

11   causes of action against former Defendants Milwaukee Electric Tool Corporation

12   ("Milwaukee") and Makita USA, Inc. ("Makita").  *Id.*

13          To the extent that the allegations of the SAC are intended to refer to defendants or

14   persons other than Home Depot, unless otherwise stated in the responses below, Home

15   Depot is without sufficient knowledge or information to form a belief as to the truth of

16   those allegations or to enable it to answer the allegations and therefore denies each of them.

17                        **II.   THE PARTIES**

18          1.      Home Depot is without knowledge or information sufficient to form a

19   belief as to the truth of the allegations as worded in Paragraph 1, and, on that basis, denies

20   them.

21          2.      Home Depot admits that it is a corporation organized under the laws of

22   Delaware, maintains its headquarters in Atlanta, Georgia, and operates stores in North

23   America, including California.

24          3.      Home Depot is without knowledge or information sufficient to form a

25   belief as to the truth of the allegations as worded in Paragraph 3, and, on that basis, denies

26   them.

27

28

1    4.    Home Depot is without knowledge or information sufficient to form a

2    belief as to the truth of the allegations as worded in Paragraph 4, and, on that basis, denies

3    them.

4                    **III.  JURISDICTION AND VENUE**

5    5.    Home Depot admits that Plaintiff purports to assert its first and second

6    causes of action under Section 1 of the Sherman Act (15 U.S.C. § 1), but states that the

7    first cause of action has been dismissed with prejudice as to all three Defendants and the

8    second cause of action has been dismissed as to former Defendants Milwaukee and

9    Makita.  Home Depot denies that Plaintiff is entitled to any such relief.  The allegation in

10   the second sentence of Paragraph 6 contains a legal conclusion to which no response is

11   required.  To the extent a response by Home Depot is deemed to be required, Home Depot

12   does not dispute that the Court has subject matter jurisdiction over these claims.

13   6.    The allegation in Paragraph 6 contains a legal conclusion to which no

14   response is required.  To the extent a response by Home Depot is deemed to be required,

15   Home Depot is without knowledge or information sufficient to form a belief as to the truth

16   of the allegations as worded in Paragraph 6, and, on that basis, denies them.

17   7.    Home Depot admits that Plaintiff purports to assert claims under

18   California state law, but states that the third and sixth causes of action have been

19   dismissed with prejudice as to all three Defendants and that the fourth, fifth, and seventh

20   causes of action have been dismissed as to former Defendants Milwaukee and Makita.

21   The allegations in Paragraph 7 contain legal conclusions to which no response is required.

22   To the extent a response by Home Depot is deemed to be required, Home Depot does not

23   dispute that the Court has supplemental subject matter jurisdiction over these claims as the

24   claims are currently pleaded, but reserves the right to challenge the propriety of

25   supplemental jurisdiction at a later state in the litigation.

26   8.    The allegations in Paragraph 8 contain legal conclusions to which no

27   response is required.  To the extent a response by Home Depot is deemed to be required,

28   Home Depot does not dispute that the Court has pendent subject matter jurisdiction as the

1   claims are currently pleaded, but reserves the right to challenge the propriety of

2   supplemental jurisdiction at a later state in the litigation.

3       9.      Home Depot admits that it conducts business and engages in commerce in

4   this judicial District.  The remaining allegations in Paragraph 9 contain legal conclusions

5   to which no response is required.  To the extent a response by Home Depot is deemed to

6   be required, Home Depot does not dispute that the Court has personal jurisdiction over it.

7       10.     Home Depot admits that it conducts business and engages in commerce in

8   this judicial District.  The remaining allegations in Paragraph 10 contain legal conclusions

9   to which no response is required.  To the extent a response by Home Depot is deemed to

10  be required, Home Depot does not dispute that the Court has personal jurisdiction over it.

11      11.     Home Depot admits that it conducts business and engages in commerce in

12  this judicial district.  The allegations in Paragraph 11 regarding the propriety of the venue

13  contain legal conclusions to which no response is required.  To the extent a response by

14  Home Depot is deemed to be required, Home Depot denies them as worded.  Home Depot

15  is otherwise without knowledge or information sufficient to form a belief as to the truth of

16  the remaining allegations as worded in Paragraph 11, and, on that basis, denies them.

17      12.     Home Depot admits that it conducts business and engages in commerce in

18  this judicial district.  The allegations in Paragraph 12 regarding the propriety of the venue

19  are legal conclusions to which no response is required.  To the extent a response by Home

20  Depot is deemed to be required, Home Depot denies them as worded.  Home Depot is

21  without knowledge or information sufficient to form a belief as to the truth of the

22  remaining allegations as worded in Paragraph 12, and, on that basis, denies them.

23                      **IV.  COMMON ALLEGATIONS**

24      13.     Home Depot is without knowledge or information sufficient to form a

25  belief as to the truth of the allegations as worded in Paragraph 13 and, on that basis, denies

26  them.

27

28

1        14.    Home Depot is without knowledge or information sufficient to form a

2   belief as to the truth of the allegations as worded in Paragraph 14 and, on that basis, denies

3   them.

4        15.    Home Depot is without knowledge or information sufficient to form a

5   belief as to the truth of the allegations as worded in Paragraph 15 and, on that basis, denies

6   them.

7        16.    Home Depot admits that it separately discussed with Makita and

8   Milwaukee each supplier's decision not to sell to Plaintiff.  Home Depot is without

9   knowledge or information sufficient to form a belief as to the truth of the remaining

10   allegations as worded in Paragraph 16 and, on that basis, denies them.

11        17.    Home Depot is without knowledge or information sufficient to form a

12   belief as to the truth of the allegations as worded in Paragraph 17 and, on that basis, denies

13   them.

14        18.    Home Depot admits that it separately discussed with Makita and

15   Milwaukee each supplier's decision not to sell to Plaintiff.  Home Depot is without

16   knowledge or information sufficient to form a belief as to the truth of the remaining

17   allegations as worded in Paragraph 18 and, on that basis, denies them.

18        19.    Home Depot admits that it carries some Makita models that are not sold on

19   Amazon.   Home Depot is without knowledge or information sufficient to form a belief as

20   to the truth of the remaining allegations as worded in Paragraph 19 and, on that basis,

21   denies them.

22        20.    Home Depot is without knowledge or information sufficient to form a

23   belief as to the truth of the allegations as worded in Paragraph 20 and, on that basis, denies

24   them.

25        21.    Home Depot admits that Techtronic Industries manufactures some products

26   that are sold at Home Depot, including some house brands.  Home Depot denies that

27   Techtronic Industries makes "billions of dollars in annual sales" to Home Depot.  Home

28

1    Depot is without knowledge or information sufficient to form a belief as to the truth of the

2    remaining allegations as worded in Paragraph 21 and, on that basis, denies them.

3        22.    Home Depot is without knowledge or information sufficient to form a

4    belief as to the truth of the allegations as worded in Paragraph 22 and, on that basis, denies

5    them.

6        23.    Home Depot admits that it has supplier agreements with Makita and

7    Milwaukee and states that those agreements speak for themselves.  Home Depot is without

8    knowledge or information sufficient to form a belief as to the truth of the remaining

9    allegations as worded in Paragraph 23 and, on that basis, denies them.

10       24.    Home Depot denies that Makita or Milwaukee conditioned any actions

11   taken regarding Plaintiff or Amazon on both Makita and Milwaukee agreeing to such

12   action.  Home Depot is without knowledge or information sufficient to form a belief as to

13   the truth of the remaining allegations as worded in Paragraph 24 and, on that basis, denies

14   them.

15       25.    Home Depot denies the allegations as worded in Paragraph 25.

16       26.    Home Depot admits that Black & Decker manufactures power tools under

17   the DeWalt brand.  Home Depot is without knowledge or information sufficient to form a

18   belief as to the truth of the remaining allegations as worded in Paragraph 26 and, on that

19   basis, denies them.

20       27.    Home Depot is without knowledge or information sufficient to form a

21   belief as to the truth of the allegations as worded in Paragraph 26 and, on that basis, denies

22   them.

23       28.    Home Depot is without knowledge or information sufficient to form a

24   belief as to the truth of the allegations as worded in Paragraph 26 and, on that basis, denies

25   them.

26       29.    Home Depot admits that Black & Decker manufactures power tools under

27   the DeWalt brand.  Home Depot is without knowledge or information sufficient to form a

28

1   belief as to the truth of the remaining allegations as worded in Paragraph 29 and, on that

2   basis, denies them.

3         30.     Home Depot is without knowledge or information sufficient to form a

4   belief as to the truth of the allegations as worded in Paragraph 30 and, on that basis, denies

5   them.

6         31.     Home Depot is without knowledge or information sufficient to form a

7   belief as to the truth of the allegations as worded in Paragraph 31 and, on that basis, denies

8   them.

9         32.     Home Depot is without knowledge or information sufficient to form a

10  belief as to the truth of the allegations as worded in Paragraph 32 and, on that basis, denies

11  them.

12        33.     Home Depot is without knowledge or information sufficient to form a

13  belief as to the truth of the allegations as worded in the first and second sentences of

14  Paragraph 33 and, on that basis, denies them.  Home Depot denies the allegations as

15  worded in the third sentence of Paragraph 33.

16        34.     Home Depot denies that it requested that Makita or Milwaukee cease sales

17  to Amazon.  Home Depot admits that it separately discussed with Makita and Milwaukee

18  each supplier's decision not to sell to Plaintiff.  Home Depot further admits that it has

19  supplier agreements with Makita and Milwaukee and states that those agreements speak

20  for themselves.  Home Depot denies the remaining allegations as worded in the first and

21  second sentence of Paragraph 34.  Home Depot is without knowledge or information

22  sufficient to form a belief as to the truth of the allegations as worded in the third sentence

23  of Paragraph 34 and, on that basis, denies them.

24        35.     Home Depot denies that it "coordinated" any "withholding" among the

25  suppliers.  Home Depot denies that its actions have harmed competition as alleged in

26  Paragraph 35.

27        36.     Home Depot denies that it requested that Makita or Milwaukee cease sales

28  to Amazon.  Home Depot admits that it separately discussed with Makita and Milwaukee

1    each supplier's decision not to sell to Plaintiff.  Home Depot denies the remaining

2    allegations as worded in Paragraph 36.

3         37.    Home Depot denies the allegations as worded in Paragraph 37.

4         38.    Home Depot denies the allegations as worded in Paragraph 38.

5         39.    The allegations in Paragraph 39 contain legal conclusions to which no

6    response is required.  To the extent a response by Home Depot is deemed to be required,

7    Home Depot denies the allegations as worded.

8         40.    The allegations in Paragraph 40 contain legal conclusions to which no

9    response is required.  To the extent a response by Home Depot is deemed to be required,

10   Home Depot denies the allegations as worded.

11        41.    The allegations in Paragraph 41 contain legal conclusions to which no

12   response is required.  To the extent a response by Home Depot is deemed to be required,

13   Home Depot denies the allegations as worded.

14        42.    The allegations in Paragraph 42 contain legal conclusions to which no

15   response is required.  To the extent a response by Home Depot is deemed to be required,

16   Home Depot denies the allegations as worded.

17        43.    Home Depot denies the allegations as worded in Paragraph 43.

18        44.    Home Depot admits that it has supplier agreements with Makita and

19   Milwaukee and states that those agreements speak for themselves.  Home Depot is without

20   knowledge or information sufficient to form a belief as to the truth of the remaining

21   allegations as worded in Paragraph 44 and, on that basis, denies them.

22        45.    Home Depot is without knowledge or information sufficient to form a

23   belief as to the truth of the allegations as worded in Paragraph 45 and, on that basis, denies

24   them.

25        46.    Home Depot admits that it publicly announced its intention to enter into

26   exclusive supplier agreements, but is without knowledge or information sufficient to form

27   a belief as to the truth of the remaining allegations as worded in Paragraph 46 and, on that

28   basis, denies them.

1    47.    Home Depot admits that the Mark Baker was employed by Home Depot

2  from 1996 through 2002 and held positions including Chief Operating Officer, Division

3  President, Group President and Vice President of Merchandising.  Home Depot admits

4  that Steve Mahurin was employed by Home Depot from 1989 through 2002 and held

5  positions including Senior Vice President of Merchandising.  Home Depot denies the

6  remaining allegations as worded in Paragraph 47.

7    48.    Home Depot denies the allegations as worded in Paragraph 48.

8    49.    Home Depot admits that Black & Decker manufactures a variety of

9  products.  Home Depot is without knowledge or information sufficient to form a belief as

10  to the truth of the remaining allegations as worded in Paragraph 49 and, on that basis,

11  denies them.

12    50.    Home Depot is without knowledge or information sufficient to form a

13  belief as to the truth of the allegations as worded in Paragraph 50 and, on that basis, denies

14  them.

15    51.    Home Depot admits that Techtronic Industries manufactures some products

16  that are sold at Home Depot, including some house brands.  Home Depot denies that

17  Techtronic Industries makes "billions of dollars in annual sales" to Home Depot.  Home

18  Depot denies that any reduced sales or product placement of Black & Decker products in

19  Home Depot's stores were a "consequence" of "refus[ing] Home Depot's demand."

20  Home Depot is without knowledge or information sufficient to form a belief as to the truth

21  of the remaining allegations as worded in Paragraph 51 and, on that basis, denies them.

22    52.    Home Depot admits that it separately discussed with Makita and

23  Milwaukee each supplier's decision not to sell to Plaintiff.  Home Depot denies that it

24  requested that Makita or Milwaukee cease sales to Amazon.  Home Depot denies the

25  remaining allegations as worded in Paragraph 52.

26    53.    The allegations in Paragraph 53 contain legal conclusions to which no

27  response is required.  To the extent the allegations relate to Plaintiff's third cause of

28  action, no response is required because this cause of action was dismissed pursuant to the

1    Order.  To the extent a response by Home Depot is deemed to be required, Home Depot

2    denies the allegations as worded in Paragraph 53.

3         54.    The allegation in Paragraph 54 contains a legal conclusion to which no

4    response is required.  To the extent a response by Home Depot is deemed to be required,

5    Home Depot denies the allegation as worded in Paragraph 54.

6         55.    The allegations in Paragraph 55 contain legal conclusions to which no

7    response is required.  To the extent the allegations relate to Plaintiff's third cause of

8    action, no response is required because this cause of action was dismissed pursuant to the

9    Order.  To the extent a response by Home Depot is deemed to be required, Home Depot

10   denies the allegations as worded in Paragraph 55.

11        56.    The allegations in Paragraph 56 contain legal conclusions to which no

12   response is required.  To the extent the allegations relate to Plaintiff's sixth cause of

13   action, no response is required because this cause of action was dismissed pursuant to the

14   Order.  To the extent a response by Home Depot is deemed to be required, Home Depot

15   denies the allegations as worded in Paragraph 56.

16        57.    Home Depot admits that Plaintiff has requested a jury trial and seeks treble

17   damages, other damages, injunctive relief, attorney's fees, pre-judgment interest, and

18   punitive damages, but denies that Plaintiff is entitled to any such relief.

19        58.    Home Depot is without knowledge or information sufficient to form a

20   belief as to the truth of the allegations as worded in Paragraph 58 and, on that basis, denies

21   them.

22        59.    Home Depot is without knowledge or information sufficient to form a

23   belief as to the truth of the allegations as worded in Paragraph 59 and, on that basis, denies

24   them.

25        60.    Home Depot is without knowledge or information sufficient to form a

26   belief as to the truth of the allegations as worded in Paragraph 60 and, on that basis, denies

27   them.

28

1    61.    Home Depot is without knowledge or information sufficient to form a

2    belief as to the truth of the allegations as worded in Paragraph 61 and, on that basis, denies

3    them.

4    62.    Home Depot is without knowledge or information sufficient to form a

5    belief as to the truth of the allegations as worded in Paragraph 62 and, on that basis, denies

6    them.

7    63.    Home Depot is without knowledge or information sufficient to form a

8    belief as to the truth of the allegations as worded in Paragraph 63 and, on that basis, denies

9    them.

10    64.    Home Depot is without knowledge or information sufficient to form a

11    belief as to the truth of the allegations as worded in Paragraph 64 and, on that basis, denies

12    them.

13    65.    Home Depot is without knowledge or information sufficient to form a

14    belief as to the truth of the allegations as worded in Paragraph 65 and, on that basis, denies

15    them.

16    66.    Home Depot is without knowledge or information sufficient to form a

17    belief as to the truth of the allegations as worded in Paragraph 66 and, on that basis, denies

18    them.

19    67.    Home Depot is without knowledge or information sufficient to form a

20    belief as to the truth of the allegations as worded in Paragraph 67 and, on that basis, denies

21    them.

22    68.    Home Depot is without knowledge or information sufficient to form a

23    belief as to the truth of the allegations as worded in Paragraph 68 and, on that basis, denies

24    them.

25    69.    Home Depot is without knowledge or information sufficient to form a

26    belief as to the truth of the allegations as worded in Paragraph 69 and, on that basis, denies

27    them.

28

1    70.    Home Depot is without knowledge or information sufficient to form a

2    belief as to the truth of the allegations as worded in Paragraph 70 and, on that basis, denies

3    them.

4    71.    Home Depot is without knowledge or information sufficient to form a

5    belief as to the truth of the allegations as worded in Paragraph 71 and, on that basis, denies

6    them.

7    72.    Home Depot is without knowledge or information sufficient to form a

8    belief as to the truth of the allegations as worded in Paragraph 72 and, on that basis, denies

9    them.

10    73.    Home Depot is without knowledge or information sufficient to form a

11    belief as to the truth of the allegations as worded in Paragraph 73 and, on that basis, denies

12    them.

13    74.    Home Depot is without knowledge or information sufficient to form a

14    belief as to the truth of the allegations as worded in Paragraph 74 and, on that basis, denies

15    them.

16    75.    Home Depot is without knowledge or information sufficient to form a

17    belief as to the truth of the allegations as worded in Paragraph 75 and, on that basis, denies

18    them.

19    76.    Home Depot is without knowledge or information sufficient to form a

20    belief as to the truth of the allegations as worded in Paragraph 76 and, on that basis, denies

21    them.

22    77.    Home Depot states that to the extent the allegations in Paragraph 77 refer to

23    market analyses, studies, or surveys, those documents speak for themselves and no

24    response is required.  To the extent a response by Home Depot is deemed to be required,

25    Home Depot is without knowledge or information sufficient to form a belief as to the truth

26    of the allegations as worded in Paragraph 77 and, on that basis, denies them.

27    78.    Home Depot states that to the extent the allegations in Paragraph 78 refer to

28    market analyses, studies, or surveys, those documents speak for themselves and no

1    response is required.  To the extent a response by Home Depot is deemed to be required,

2    Home Depot is without knowledge or information sufficient to form a belief as to the truth

3    of the allegations as worded in Paragraph 78 and, on that basis, denies them.

4            79.    Home Depot is without knowledge or information sufficient to form a

5    belief as to the truth of the allegations as worded in Paragraph 79 and, on that basis, denies

6    them.

7            80.    Home Depot is without knowledge or information sufficient to form a

8    belief as to the truth of the allegations as worded in Paragraph 80 and, on that basis, denies

9    them.

10            81.    Home Depot states that to the extent the allegations in Paragraph 81 refer to

11    market analyses, studies, or surveys, those documents speak for themselves and no

12    response is required.  To the extent a response by Home Depot is deemed to be required,

13    Home Depot is without knowledge or information sufficient to form a belief as to the truth

14    of the allegations as worded in Paragraph 81 and, on that basis, denies them.

15            82.    Home Depot is without knowledge or information sufficient to form a

16    belief as to the truth of the allegations as worded in Paragraph 82 and, on that basis, denies

17    them.

18            83.    Home Depot is without knowledge or information sufficient to form a

19    belief as to the truth of the allegations as worded in Paragraph 83 and, on that basis, denies

20    them.

21            84.    Home Depot is without knowledge or information sufficient to form a

22    belief as to the truth of the allegations as worded in Paragraph 84 and, on that basis, denies

23    them.

24            85.    Home Depot denies that it engaged in a group boycott.  Home Depot is

25    without knowledge or information sufficient to form a belief as to the truth of the

26    remaining allegations as worded in Paragraph 85 and, on that basis, denies them.

27

28

1    86.  Home Depot is without knowledge or information sufficient to form a

2 belief as to the truth of the allegations as worded in Paragraph 86 and, on that basis, denies

3 them.

4    87.  Home Depot denies that it engaged in a group boycott.  Home Depot is

5 without knowledge or information sufficient to form a belief as to the truth of the

6 remaining allegations as worded in Paragraph 87 and, on that basis, denies them.

7    88.  Home Depot is without knowledge or information sufficient to form a

8 belief as to the truth of the allegations as worded in Paragraph 88 and, on that basis, denies

9 them.

10    89.  Home Depot is without knowledge or information sufficient to form a

11 belief as to the truth of the allegations as worded in Paragraph 89 and, on that basis, denies

12 them.

13    90.  Home Depot is without knowledge or information sufficient to form a

14 belief as to the truth of the allegations as worded in Paragraph 90 and, on that basis, denies

15 them.

16    91.  Home Depot is without knowledge or information sufficient to form a

17 belief as to the truth of the allegations as worded in Paragraph 91 and, on that basis, denies

18 them.

19    92.  Home Depot is without knowledge or information sufficient to form a

20 belief as to the truth of the allegations as worded in Paragraph 92 and, on that basis, denies

21 them.

22    93.  Home Depot is without knowledge or information sufficient to form a

23 belief as to the truth of the allegations as worded in Paragraph 93 and, on that basis, denies

24 them.

25    94.  Home Depot admits that it opened stores beginning in the 1970s that were

26 larger and offered a wider variety of product offerings than some other home improvement

27 stores.

28

1    95.    Home Depot admits that it sells lumber, flooring, roofing, insulation,

2  masonry, and drywall products.  Home Depot is without knowledge or information

3  sufficient to form a belief as to the truth of the remaining allegations as worded in

4  Paragraph 95 and, on that basis, denies them.

5    96.    Home Depot is without knowledge or information sufficient to determine

6  how Plaintiff defines "highly successful," and, on that basis, denies the allegations as

7  worded in Paragraph 96.

8    97.    Home Depot is without knowledge or information sufficient to form a

9  belief as to the truth of the allegations as worded in Paragraph 97 and, on that basis, denies

10  them.

11    98.    Home Depot is without knowledge or information sufficient to form a

12  belief as to the truth of the allegations as worded in Paragraph 98 and, on that basis, denies

13  them.

14    99.    Home Depot admits that it purchased hardware supplies in large volumes

15  directly from manufacturers, offered an array of products to its customers, and that its

16  stores are open extended hours.  Home Depot is without knowledge or information

17  sufficient to form a belief as to the truth of the remaining allegations as worded in

18  Paragraph 99 and, on that basis, denies them.

19    100.    Home Depot admits that it negotiates pricing terms for hardware product

20  purchases and that those terms speak for themselves.  Home Depot is without knowledge

21  or information sufficient to form a belief as to the truth of the remaining allegations as

22  worded in Paragraph 100 and, on that basis, denies them.

23    101.    Home Depot admits the allegations of Paragraph 101.

24    102.    Home Depot is without knowledge or information sufficient to form a

25  belief as to the truth of the allegations as worded in Paragraph 102 and, on that basis,

26  denies them.

27    103.    Home Depot states that it purchases products on terms and conditions

28  which speak for themselves, conducts advertising and promotional campaigns, and offers

1   various hardware products.  Home Depot is without knowledge or information sufficient

2   to form a belief as to the truth of the remaining allegations as worded in Paragraph 103

3   and, on that basis, denies them.

4          104.    Home Depot is without knowledge or information sufficient to form a

5   belief as to the truth of the allegations as worded in Paragraph 104 and, on that basis,

6   denies them.

7          105.    Home Depot admits that in 2011 its U.S. stores sold approximately $70

8   billion of products.  Home Depot is without knowledge or information sufficient to form a

9   belief as to the truth of the remaining allegations as worded in Paragraph 105 and, on that

10  basis, denies them.

11         106.    Home Depot is without knowledge or information sufficient to form a

12  belief as to the truth of the allegations as worded in Paragraph 106 and, on that basis,

13  denies them.

14         107.    Home Depot is without knowledge or information sufficient to form a

15  belief as to the truth of the allegations as worded in Paragraph 107 and, on that basis,

16  denies them.

17         108.    Home Depot admits that it makes direct purchases from manufacturers on

18  applicable terms and conditions which speak for themselves.  Home Depot is without

19  knowledge or information sufficient to form a belief as to the truth of the remaining

20  allegations as worded in Paragraph 108 and, on that basis, denies them.

21         109.    Home Depot is without knowledge or information sufficient to form a

22  belief as to the truth of the allegations as worded in Paragraph 109 and, on that basis,

23  denies them.

24         110.    Home Depot admits that it sells hardware products.  Home Depot is

25  without knowledge or information sufficient to form a belief as to the truth of the

26  remaining allegations as worded in Paragraph 110 and, on that basis, denies them.

27

28

1        111.    Home Depot is without knowledge or information sufficient to form a

2  belief as to the truth of the allegations as worded in Paragraph 111 and, on that basis,

3  denies them.

4        112.    Home Depot is without knowledge or information sufficient to form a

5  belief as to the truth of the allegations as worded in Paragraph 112 and, on that basis,

6  denies them.

7        113.    Home Depot admits that the Mark Baker was formerly the Chief Operating

8  Officer at Home Depot and Steve Mahurin was formerly the Senior Vice President for

9  Merchandising at Home Depot.  Home Depot is without knowledge or information

10  sufficient to form a belief as to the truth of the remaining allegations as worded in

11  Paragraph 113 and, on that basis, denies them.

12        114.    Home Depot is without knowledge or information sufficient to form a

13  belief as to the truth of the allegations as worded in Paragraph 114 and, on that basis,

14  denies them.

15        115.    Home Depot is without knowledge or information sufficient to form a

16  belief as to the truth of the allegations as worded in Paragraph 115 and, on that basis,

17  denies them.

18        116.    Home Depot admits that it makes direct purchases from manufacturers on

19  applicable terms and conditions which speak for themselves.  Home Depot is without

20  knowledge or information sufficient to form a belief as to the truth of the remaining

21  allegations as worded in Paragraph 116 and, on that basis, denies them.

22        117.    Home Depot is without knowledge or information sufficient to form a

23  belief as to the truth of the allegations as worded in Paragraph 117 and, on that basis,

24  denies them.

25        118.    Home Depot admits that it prefers that customers who visit its stores

26  purchase from Home Depot rather than Amazon.  Home Depot is without knowledge or

27  information sufficient to form a belief as to the truth of the remaining allegations as

28  worded in Paragraph 118 and, on that basis, denies them.

1         119.    Home Depot is without knowledge or information sufficient to form a

2  belief as to the truth of the allegations as worded in Paragraph 119 and, on that basis,

3  denies them.

4         120.    Home Depot admits that it separately discussed with Makita and

5  Milwaukee each supplier's decision not to sell to Plaintiff.  Home Depot denies that it

6  "tried to sabotage" Plaintiff.  Home Depot is without knowledge or information sufficient

7  to form a belief as to the truth of the remaining allegations as worded in Paragraph 120

8  and, on that basis, denies them.

9         121.    Home Depot is without knowledge or information sufficient to form a

10  belief as to the truth of the allegations as worded in Paragraph 121 and, on that basis,

11  denies them.

12         122.    Home Depot admits that Plaintiff is a regional competitor of Home Depot

13  in some respects and states that Exhibit 1 to the SAC speaks for itself.  To the extent a

14  response by Home Depot is deemed to be required, Home Depot is without knowledge or

15  information sufficient to form a belief as to the truth of the allegations as worded in

16  Paragraph 122 and, on that basis, denies them.

17         123.    Home Depot states that Exhibit 2 to the SAC speaks for itself and no

18  response is required.  To the extent a response by Home Depot is deemed to be required,

19  Home Depot is without knowledge or information sufficient to form a belief as to the truth

20  of the allegations as worded in Paragraph 123 and, on that basis, denies them.

21         124.    Home Depot states that Exhibit 3 to the SAC speaks for itself and no

22  response is required.  To the extent a response by Home Depot is deemed to be required,

23  Home Depot is without knowledge or information sufficient to form a belief as to the truth

24  of the allegations as worded in Paragraph 124 and, on that basis, denies them.

25         125.    Home Depot states that Exhibits 1-3 to the SAC speak for themselves and

26  no response is required.  To the extent a response is required, Home Depot denies the

27  allegations as worded in Paragraph 125.

28

1        126.    Home Depot is without knowledge or information sufficient to form a

2    belief as to the truth of the allegations as worded in Paragraph 126 and, on that basis,

3    denies them.

4        127.    Home Depot states that the allegations in Paragraph 127 are speculative

5    and no response is required.  To the extent a response is required, Home Depot denies the

6    allegations as worded in Paragraph 127.

7        128.    Home Depot denies that it requested that Makita or Milwaukee cease sales

8    to Amazon.  Home Depot admits that it has supplier agreements with Makita and

9    Milwaukee and states that those agreements speak for themselves.  Home Depot denies the

10    remaining allegations as worded in Paragraph 128.

11        129.    Home Depot admits that it separately discussed ceasing or limiting sales to

12    Plaintiff with Makita, Milwaukee, and Black & Decker.  Home Depot denies that it

13    "coordinated" any "withholding" among the suppliers.  Home Depot denies that it

14    requested that Makita or Milwaukee cease sales to Amazon.  Home Depot denies the

15    remaining allegations as worded in Paragraph 129.

16        130.    Home Depot denies that it requested that Makita or Milwaukee cease sales

17    to Amazon.  Home Depot admits that it carries some Makita models that are not sold on

18    Amazon.  Home Depot is without knowledge or information sufficient to form a belief as

19    to the truth of the remaining allegations as worded in Paragraph 130 and, on that basis,

20    denies them.

21        131.    Home Depot denies the allegations in the first sentence of Paragraph 131.

22    Home Depot is without knowledge or information sufficient to form a belief as to the truth

23    of the remaining allegations as worded in Paragraph 131 and, on that basis, denies them.

24        132.    Home Depot is without knowledge or information sufficient to form a

25    belief as to the truth of the allegations as worded in Paragraph 132 and, on that basis,

26    denies them.

27        133.    Home Depot admits that Techtronic Industries manufactures some products

28    that are sold at Home Depot, including some house brands.  Home Depot denies that

1   Techtronic Industries makes "billions of dollars in annual sales" to Home Depot.  Home

2   Depot is without knowledge or information sufficient to form a belief as to the truth of the

3   remaining allegations as worded in Paragraph 133 and, on that basis, denies them.

4         134.    Home Depot admits that it separately discussed with Makita and

5   Milwaukee each supplier's decision not to sell to Plaintiff.  Home Depot denies that it

6   requested that Makita or Milwaukee cease sales to Amazon.  Home Depot admits that it

7   has supplier agreements with Makita and Milwaukee and states that those agreements

8   speak for themselves.  Home Depot denies the remaining allegations as worded in

9   Paragraph 134.

10        135.    Home Depot denies that it "coordinated" any "withholding" among the

11   suppliers.  Home Depot is without knowledge or information sufficient to form a belief as

12   to the truth of the allegations as worded in Paragraph 135 and, on that basis, denies them.

13        136.    The allegations in Paragraph 136 relate to Plaintiff's sixth cause of action,

14   which was dismissed with prejudice pursuant to the Order, so no response is required.

15        137.    Home Depot denies the allegations as worded in Paragraph 137.

16        138.    Home Depot denies the allegations as worded in Paragraph 138.

17        139.    Home Depot admits that Craig Menear, the head of U.S. Merchandising for

18   Home Depot, made a statement on June 6, 2012 as a part of an investor and analyst

19   conference.  Home Depot states that Exhibit 5 to the SAC speaks for itself and no

20   response is required.  Home Depot otherwise denies the remaining allegations as worded

21   in Paragraph 139.

22        140.    Home Depot states that Exhibit 6 to the SAC speaks for itself and no

23   response is required.  To the extent a response is required, Home Depot is without

24   knowledge or information sufficient to form a belief as to the truth of the allegations as

25   worded in Paragraph 140 and, on that basis, denies them.

26        141.    Home Depot is without knowledge or information sufficient to form a

27   belief as to the truth of the allegations as worded in Paragraph 141 and, on that basis,

28   denies them.

1        142.    Home Depot states that Exhibit 7 to the SAC speaks for itself and no

2    response is required.  To the extent a response is required, Home Depot is without

3    knowledge or information sufficient to form a belief as to the truth of the allegations as

4    worded in Paragraph 142 and, on that basis, denies them.

5        143.    Home Depot is without knowledge or information sufficient to form a

6    belief as to the truth of the allegations as worded in Paragraph 143 and, on that basis,

7    denies them.

8        144.    Home Depot is without knowledge or information sufficient to form a

9    belief as to the truth of the allegations as worded in Paragraph 144 and, on that basis,

10   denies them.

11       145.    Home Depot denies that it requested that Makita or Milwaukee cease sales

12   to Amazon.   Home Depot admits that it carries some Makita models that are not sold on

13   Amazon.   Home Depot is without knowledge or information sufficient to form a belief as

14   to the truth of the remaining allegations as worded in Paragraph 145 and, on that basis,

15   denies them.

16       146.    Home Depot admits that it competes with Plaintiff and Amazon as to the

17   sale of certain products.  Home Depot admits that it separately discussed with Makita and

18   Milwaukee each supplier's decision not to sell to Plaintiff.  Home Depot denies that it

19   requested that Makita or Milwaukee cease sales to Amazon.  Home Depot denies the

20   remaining allegations as worded in Paragraph 146.

21       147.    The allegations in the first sentence of Paragraph 147 contain legal

22   conclusions to which no response is required.  To the extent a response by Home Depot is

23   deemed to be required, Home Depot denies the allegations as worded in the first sentence

24   of Paragraph 147.  Home Depot admits that it operates stores throughout California and

25   Oregon.  Home Depot is without knowledge or information sufficient to form a belief as to

26   the truth of the remaining allegations as worded in Paragraph 147, and, on that basis,

27   denies them.

28

1       148.    Home Depot is without knowledge or information sufficient to form a

2  belief as to the truth of the remaining allegations as worded in Paragraph 148, and, on that

3  basis, denies them.

4       149.    Home Depot is without knowledge or information sufficient to form a

5  belief as to the truth of the remaining allegations as worded in Paragraph 149, and, on that

6  basis, denies them.

7       150.    The allegations in Paragraph 150 contain legal conclusions to which no

8  response is required.  To the extent a response by Home Depot is deemed to be required,

9  Home Depot denies that the listed regions of California and Oregon constitute separate

10  geographic regions for each of the listed product markets.

11       151.    The allegations in Paragraph 151 contain legal conclusions to which no

12  response is required.  To the extent a response by Home Depot is deemed to be required,

13  Home Depot denies the allegations as worded in Paragraph 151.

14       152.    The allegations in Paragraph 152 contain legal conclusions to which no

15  response is required.  To the extent a response by Home Depot is deemed to be required,

16  Home Depot denies the allegations as worded in Paragraph 152.

17       153.    Home Depot is without knowledge or information sufficient to form a

18  belief as to the truth of the remaining allegations as worded in Paragraph 153, and, on that

19  basis, denies them.

20       154.    Home Depot is without knowledge or information sufficient to form a

21  belief as to the truth of the remaining allegations as worded in Paragraph 154, and, on that

22  basis, denies them.

23       155.    The allegations in Paragraph 155 contain a legal conclusion to which no

24  response is required.  To the extent a response by Home Depot is deemed to be required,

25  Home Depot denies the allegation in Paragraph 155.

26       156.    The allegations in the first, third, and fourth sentences of Paragraph 156

27  contain legal conclusions to which no response is required.  To the extent a response by

28  Home Depot is deemed to be required, Home Depot denies the allegations as worded in

1    the first, third, and fourth sentences of Paragraph 156.  Home Depot is without knowledge

2    or information sufficient to form a belief as to the truth of the remaining allegations as

3    worded in Paragraph 156, and, on that basis, denies them.

4          157.    The allegations in Paragraph 157 contain legal conclusions to which no

5    response is required.  To the extent a response by Home Depot is deemed to be required,

6    Home Depot denies the allegations as worded in Paragraph 157.

7          158.    The allegations in Paragraph 158 contain legal conclusions to which no

8    response is required.  To the extent a response by Home Depot is deemed to be required,

9    Home Depot denies the allegations as worded in Paragraph 158.

10          159.    The allegations in Paragraph 159 contain legal conclusions to which no

11    response is required.  To the extent a response by Home Depot is deemed to be required,

12    Home Depot denies the allegations as worded in Paragraph 159.

13          160.    Home Depot states that to the extent the allegations in Paragraph 160 refer

14    to public websites, those websites speak for themselves and no response is required.  To

15    the extent a response by Home Depot is deemed to be required, Home Depot is without

16    knowledge or information sufficient to form a belief as to the truth of the allegations as

17    worded in Paragraph 160 and, on that basis, denies them.

18          161.    Home Depot states that to the extent the allegations in Paragraph 161 refer

19    to public websites, those websites speak for themselves and no response is required.  To

20    the extent a response by Home Depot is deemed to be required, Home Depot is without

21    knowledge or information sufficient to form a belief as to the truth of the allegations as

22    worded in Paragraph 161 and, on that basis, denies them.

23          162.    The allegations in Paragraph 162 contain legal conclusions to which no

24    response is required.  To the extent a response by Home Depot is deemed to be required,

25    Home Depot denies the allegations as worded in Paragraph 162.

26          163.    The allegations in Paragraph 163 contain legal conclusions to which no

27    response is required.  To the extent a response by Home Depot is deemed to be required,

28    Home Depot denies the allegations as worded in Paragraph 163.

1    164.    Home Depot denies the allegations as worded in Paragraph 164.

2    165.    Home Depot denies the allegations as worded in Paragraph 165.

3    166.    Home Depot denies the allegations as worded in Paragraph 166.

4    167.    Home Depot denies the allegations as worded in Paragraph 167.

5    168.    Home Depot is without knowledge or information sufficient to form a

6    belief as to the truth of the remaining allegations as worded in Paragraph 168, and, on that

7    basis, denies them.

8    169.    Home Depot is without knowledge or information sufficient to form a

9    belief as to the truth of the remaining allegations as worded in Paragraph 169, and, on that

10   basis, denies them.

11   170.    Home Depot is without knowledge or information sufficient to form a

12   belief as to the truth of the remaining allegations as worded in Paragraph 170, and, on that

13   basis, denies them.

14   171.    Home Depot is without knowledge or information sufficient to form a

15   belief as to the truth of the remaining allegations as worded in Paragraph 171, and, on that

16   basis, denies them.

17   172.    Home Depot denies the allegations as worded in Paragraph 172.

18   173.    Home Depot denies the allegation as worded in the last sentence of

19   Paragraph 173.  Home Depot is without knowledge or information sufficient to form a

20   belief as to the truth of the remaining allegations as worded in Paragraph 173, and, on that

21   basis, denies them.

22   174.    Home Depot denies the allegations as worded in Paragraph 174

23   175.    Home Depot states that the allegations in Paragraph 175 are speculative

24   and no response is required.  To the extent a response by Home Depot is deemed to be

25   required, Home Depot denies the allegations as worded in Paragraph 175.

26   176.    Home Depot denies the allegations as worded in Paragraph 176.

27   177.    Home Depot denies the allegations as worded in Paragraph 177.

28   178.    Home Depot denies the allegations as worded in Paragraph 178.

1   179. Home Depot denies the allegations as worded in the second sentence of

2 Paragraph 179.  Home Depot is without knowledge or information sufficient to form a

3 belief as to the truth of the remaining allegations as worded in Paragraph 179, and, on that

4 basis, denies them.

5   180. Home Depot denies that Plaintiff has been "excessively hindered or

6 prevented from competing" in the alleged markets.  Home Depot is without knowledge or

7 information sufficient to form a belief as to the truth of the remaining allegations as

8 worded in Paragraph 180, and, on that basis, denies them.

9   181. Home Depot is without knowledge or information sufficient to form a

10 belief as to the truth of the allegations as worded in Paragraph 181, and, on that basis,

11 denies them.

12   182. Home Depot is without knowledge or information sufficient to form a

13 belief as to the truth of the allegations as worded in Paragraph 182, and, on that basis,

14 denies them.

15   183. Home Depot is without knowledge or information sufficient to form a

16 belief as to the truth of the allegations as worded in Paragraph 183, and, on that basis,

17 denies them.

18   184. Home Depot is without knowledge or information sufficient to form a

19 belief as to the truth of the allegations as worded in Paragraph 184, and, on that basis,

20 denies them.

21   185. Home Depot denies that it engaged in a group boycott.  Home Depot is

22 without knowledge or information sufficient to form a belief as to the truth of the

23 remaining allegations as worded in Paragraph 185, and, on that basis, denies them.

24   186. Home Depot denies that it engaged in a group boycott.  Home Depot is

25 without knowledge or information sufficient to form a belief as to the truth of the

26 remaining allegations as worded in Paragraph 186, and, on that basis, denies them.

27

28

ANSWER OF DEFENDANT HOME DEPOT TO
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No.: 12-CV-6361 JST

1    187.    Home Depot states that the allegations in Paragraph 187 are speculative

2    and no response is required.  To the extent a response by Home Depot is deemed to be

3    required, Home Depot denies the allegations as worded in Paragraph 187.

4                          **V.   FIRST CAUSE OF ACTION**
     **(UNLAWFUL GROUP BOYCOTT; PER SE VIOLATION)**
5                              **(15 U.S.C § 1)**

6    188.    The cause of action to which the allegations in Paragraph 188 apply was

7    dismissed pursuant to the Order so no response is required.

8    189.    The cause of action to which the allegations in Paragraph 189 apply was

9    dismissed pursuant to the Order so no response is required.

10    190.    The cause of action to which the allegations in Paragraph 190 apply was

11    dismissed pursuant to the Order so no response is required.

12    191.    The cause of action to which the allegations in Paragraph 191 apply was

13    dismissed pursuant to the Order so no response is required.

14    192.    The cause of action to which the allegations in Paragraph 192 apply was

15    dismissed pursuant to the Order so no response is required.

16    193.    The cause of action to which the allegations in Paragraph 193 apply was

17    dismissed pursuant to the Order so no response is required.

18    194.    The cause of action to which the allegations in Paragraph 194 apply was

19    dismissed pursuant to the Order so no response is required.

20    195.    The cause of action to which the allegations in Paragraph 195 apply was

21    dismissed pursuant to the Order so no response is required.

22    196.    The cause of action to which the allegations in Paragraph 196 apply was

23    dismissed pursuant to the Order so no response is required.

24    197.    The cause of action to which the allegations in Paragraph 197 apply was

25    dismissed pursuant to the Order so no response is required.

26    198.    The cause of action to which the allegations in Paragraph 198 apply was

27    dismissed pursuant to the Order so no response is required.

28

1    199.   The cause of action to which the allegations in Paragraph 199 apply was

2    dismissed pursuant to the Order so no response is required.

3    200.   The cause of action to which the allegations in Paragraph 200 apply was

4    dismissed pursuant to the Order so no response is required.

5    201.   The cause of action to which the allegations in Paragraph 201 apply was

6    dismissed pursuant to the Order so no response is required.

7    **VI.   SECOND CAUSE OF ACTION**
     **(UNLAWFUL GROUP BOYCOTT; RULE-OF-REASON VIOLATION**
8    **AND QUICK-LOOK VIOLATION)**
     **(15 U.S.C § 1)**
9

10   202.   Home Depot refers to and incorporates its responses in the preceding

11   paragraphs as though fully set forth herein.

12   203.   Home Depot refers to and incorporates its responses in the preceding

13   paragraphs as though fully set forth herein.

14   204.   Home Depot is without knowledge or information sufficient to form a

15   belief as to the truth of the allegations as worded in Paragraph 204, and, on that basis,

16   denies them.

17   205.   Home Depot denies the allegations as worded in Paragraph 205.

18   206.   Home Depot admits that it competes with Plaintiff in some respects, but

19   otherwise denies the allegations as worded in Paragraph 206.

20   207.   Home Depot admits that it separately discussed with Makita and

21   Milwaukee each supplier's decision not to sell to Plaintiff and certain other retailers.

22   Home Depot denies the remaining allegations as worded in Paragraph 207.

23   208.   Home Depot is without knowledge or information sufficient to form a

24   belief as to the truth of the allegations as worded in Paragraph 208, and, on that basis,

25   denies them.

26   209.   The allegation in Paragraph 209 regarding what constitutes a "cluster" of

27   products is a legal conclusion to which no response is required.  To the extent a response

28   by Home Depot is deemed to be required, Home Depot denies the allegation as worded.

1   Home Depot is without knowledge or information sufficient to form a belief as to the truth

2   of the remaining allegations as worded in Paragraph 209, and, on that basis, denies them.

3       210.    The allegation in Paragraph 210 regarding what constitutes a "cluster" of

4   products is a legal conclusion to which no response is required.  To the extent a response

5   by Home Depot is deemed to be required, Home Depot denies the allegation as worded.

6   Home Depot is without knowledge or information sufficient to form a belief as to the truth

7   of the remaining allegations as worded in Paragraph 210, and, on that basis, denies them.

8       211.    Home Depot is without knowledge or information sufficient to form a

9   belief as to the truth of the allegations as worded in Paragraph 211, and, on that basis,

10  denies them.

11      212.    Home Depot denies the allegations as worded in Paragraph 212.

12      213.    Home Depot denies the allegations as worded in Paragraph 213.

13      214.    Home Depot denies the allegations as worded in Paragraph 214.

14      215.    Home Depot denies the allegations as worded in Paragraph 215.

15      216.    Home Depot denies the allegations as worded in Paragraph 216.

16      217.    Home Depot denies that it has engaged in any anti-competitive activity that

17  caused any lost profits or damages to Plaintiff.  Home Depot is without knowledge or

18  information sufficient to form a belief as to the truth of the remaining allegations as

19  worded in Paragraph 217, and, on that basis, denies them.

20      218.    The allegations in Paragraph 218 contain legal conclusions to which no

21  response is required.  To the extent a response by Home Depot is deemed to be required,

22  Home Depot denies the allegations as worded in Paragraph 218.

23      219.    The allegations in Paragraph 219 contain legal conclusions to which no

24  response is required.  To the extent a response by Home Depot is deemed to be required,

25  Home Depot denies the allegations as worded in Paragraph 219.

26                        **VII.   THIRD CAUSE OF ACTION**
                **(UNLAWFUL GROUP BOYCOTT; PER SE VIOLATION)**
27              **(CAL. BUS. & PROF. CODE §§ 16720 AND 16726)**

28

1    220.    The cause of action to which the allegations in Paragraph 220 apply was

2    dismissed pursuant to the Order, so no response is required.

3    221.    The cause of action to which the allegations in Paragraph 221 apply was

4    dismissed pursuant to the Order, so no response is required.

5
### VIII.   FOURTH CAUSE OF ACTION
### (UNLAWFUL GROUP BOYCOTT;
6
### QUICK-LOOK AND RULE OF REASON VIOLATION)
### (CAL. BUS. & PROF. CODE §§ 16720 AND 16726)
7

8    222.    Home Depot refers to and incorporates its responses in the preceding

9    paragraphs as though fully set forth herein.

10   223.    The allegations in Paragraph 223 contain legal conclusions to which no

11   response is required.  To the extent a response by Home Depot is deemed to be required,

12   Home Depot denies the allegations as worded in Paragraph 223.

13
### IX.   FIFTH CAUSE OF ACTION
### (UNFAIR BUSINESS PRACTICES)
14
### (CAL. BUS. & PROF. CODE §§ 172000 ET SEQ.)

15   224.    Home Depot refers to and incorporates its responses in the preceding

16   paragraphs as though fully set forth herein.

17   225.    The allegations in Paragraph 225 contain legal conclusions to which no

18   response is required.  To the extent a response by Home Depot is deemed to be required,

19   Home Depot denies the allegations as worded in Paragraph 225.

20   226.    The allegations in Paragraph 226 contain legal conclusions to which no

21   response is required.  To the extent a response by Home Depot is deemed to be required,

22   Home Depot denies that relief under Section 17203 is appropriate.

23   227.    The allegations in Paragraph 227 contain legal conclusions to which no

24   response is required.  To the extent a response by Home Depot is deemed to be required,

25   Home Depot denies that injunctive relief is appropriate.

26
### X.   SIXTH CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS)
27

28

1  228.  The cause of action to which the allegations in Paragraph 228 apply was

2  dismissed pursuant to the Order so no response is required.

3  229.  The cause of action to which the allegations in Paragraph 229 apply was

4  dismissed pursuant to the Order so no response is required.

5  230.  The cause of action to which the allegations in Paragraph 230 apply was

6  dismissed pursuant to the Order so no response is required..

7  231.  The cause of action to which the allegations in Paragraph 231 apply was

8  dismissed pursuant to the Order so no response is required.

9  232.  The cause of action to which the allegations in Paragraph 232 apply was

10  dismissed pursuant to the Order so no response is required.

11  233.  The cause of action to which the allegations in Paragraph 233 apply was

12  dismissed pursuant to the Order so no response is required.

13  234.  The cause of action to which the allegations in Paragraph 234 apply was

14  dismissed pursuant to the Order so no response is required.

15  235.  The cause of action to which the allegations in Paragraph 235 apply was

16  dismissed pursuant to the Order so no response is required.

17  236.  The cause of action to which the allegations in Paragraph 236 apply was

18  dismissed pursuant to the Order so no response is required.

19  237.  The cause of action to which the allegations in Paragraph 237 apply was

20  dismissed pursuant to the Order so no response is required.

21  **XI.   SEVENTH CAUSE OF ACTION**
**(TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)**

22

23  238.  Home Depot refers to and incorporates its responses in the preceding

24  paragraphs as though fully set forth herein.

25  239.  The allegations in Paragraph 239 contain legal conclusions to which no

26  response is required.  To the extent a response by Home Depot is deemed to be required,

27  Home Depot denies the allegations as worded in Paragraph 239.

28  240.  Home Depot denies the allegations as worded in Paragraph 240.

1    241.    Home Depot denies the allegations as worded in Paragraph 241.

2    242.    The allegations in Paragraph 242 contain legal conclusions to which no

3    response is required.  To the extent a response by Home Depot is deemed to be required,

4    Home Depot denies the allegations as worded in Paragraph 242.

5    ## XII.   EIGHTH CAUSE OF ACTION
### (FALSE ADVERTISING-LANHAM ACT)
6    ### (15 U.S.C. § 1125(a)(1)(B))

7

8    243.    Home Depot refers to and incorporates its responses in the preceding

9    paragraphs as though fully set forth herein.

10   244.    Home Depot denies the allegations as worded in Paragraph 244.

11   245.    Home Depot admits the allegations in the first sentence of Paragraph 245,

12   but denies the remaining allegations as worded in Paragraph 245.

13   246.    Home Depot admits that it has posted advertisements in its stores that make

14   direct price comparisons, but states that the advertisements speak for themselves.  Home

15   Depot denies the remaining allegations as worded in Paragraph 246.

16   247.    Home Depot admits that it has posted advertisements in its stores that make

17   direct price comparisons, but denies the remaining allegations as worded in Paragraph

18   247.

19   248.    Home Depot admits that it has posted advertisements in its stores that make

20   direct price comparisons, but states that the advertisements speak for themselves.  Home

21   Depot denies the remaining allegations as worded in Paragraph 248.

22   249.    Home Depot admits that it has posted advertisements in its stores that make

23   direct price comparisons, but states that the advertisements speak for themselves.  Home

24   Depot denies the remaining allegations as worded in Paragraph 249.

25   250.    Home Depot admits that it has posted advertisements in its stores that make

26   direct price comparisons, but states that the advertisements speak for themselves.  Home

27   Depot denies the remaining allegations as worded in Paragraph 250.

28   251.    Home Depot denies the allegations as worded in Paragraph 251.

1    252.    The allegations in Paragraph 252 contain legal conclusions to which no

2    response is required.  To the extent a response by Home Depot is deemed to be required,

3    Home Depot admits that it competes with Plaintiff as to products for which Home Depot

4    posts price comparison advertisements, but otherwise denies the allegations as worded in

5    Paragraph 252.

6    253.    Home Depot denies the allegations as worded in Paragraph 253.

7    254.    Home Depot denies the allegations as worded in Paragraph 254.

8    255.    The allegations in Paragraph 255 contain legal conclusions to which no

9    response is required.  To the extent a response by Home Depot is deemed to be required,

10   Home Depot denies the allegations as worded in Paragraph 255.

11   ### XIII.   NINTH CAUSE OF ACTION
12   ### (FALSE ADVERTISING-CALIFORNIA LAW)
     ### (CAL. BUS. & PROF. CODE §§ 175000)

13   256.    Home Depot refers to and incorporates its responses in the preceding

14   paragraphs as though fully set forth herein.

15   257.    The allegations in Paragraph 257 contain legal conclusions to which no

16   response is required.  To the extent a response by Home Depot is deemed to be required,

17   Home Depot denies the allegations as worded in Paragraph 257.

18   ### SEPARATE AND ADDITIONAL DEFENSES

19   In addition to the foregoing denials, Home Depot alleges and asserts the following

20   defenses set forth herein.  By pleading these defenses, Home Depot does not assume the

21   burden of proving any fact, issue, or element of a cause of action where such burden

22   properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be

23   construed as a concession that any particular issue or subject matter is relevant to Plaintiff's

24   allegations:

25   ### FIRST AFFIRMATIVE DEFENSE

26   The SAC fails to state a claim upon which relief can be granted.

27   ### SECOND AFFIRMATIVE DEFENSE

28   Plaintiff lacks standing to bring the claims asserted in the SAC.

1

### THIRD AFFIRMATIVE DEFENSE

2    Plaintiff's claims are barred, in whole or in part, by the applicable statute of

3  limitations.

4

### FOURTH AFFIRMATIVE DEFENSE

5    Plaintiff's claims are barred, in whole or in part, by laches.

6

### FIFTH AFFIRMATIVE DEFENSE

7    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate

8  its damages, if any.

9

### SIXTH AFFIRMATIVE DEFENSE

10    Plaintiff's claims are barred, in whole or in part, because the conduct alleged was

11  based on independent and legitimate business justifications.

12

### SEVENTH AFFIRMATIVE DEFENSE

13    Plaintiff's claims are barred, in whole or in part, because any actions by Home

14  Depot resulted from a good faith effort to meet competition.

15

### EIGHTH AFFIRMATIVE DEFENSE

16    Plaintiff's claims are barred because its alleged damages are speculative and

17  because of the impossibility of ascertaining the fact and extent of those alleged damages.

18

### NINTH AFFIRMATIVE DEFENSE

19    Any unlawful conduct, act, or omission of an employee or agent Home Depot, the

20  occurrence of which Home Depot expressly denies, was committed by individuals acting

21  *ultra vires* and not by or on behalf of Home Depot.

22

### TENTH AFFIRMATIVE DEFENSE

23    Plaintiff's claims are barred, in whole or in part, because plaintiff would be unjustly

24  enriched if it were allowed to recover any part of the damages alleged in the Amended

25  Complaint.

26

### ELEVENTH AFFIRMATIVE DEFENSE

27    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean

28  hands.

1   **TWELFTH AFFIRMATIVE DEFENSE**

2       Plaintiff's claims are barred, in whole or in part, because an award of treble

3   damages against Home Depot based on the conduct alleged in the SAC would violate the

4   due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the

5   United States.

6   **THIRTEENTH AFFIRMATIVE DEFENSE**

7       Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and

8   waiver.

9   **FOURTEENTH AFFIRMATIVE DEFENSE**

10      Plaintiff's claims are barred, in whole or in part, because the injuries alleged in the

11  SAC, the fact and extent of which are expressly denied by Home Depot, were directly and

12  proximately caused by or contributed to by the statements, acts or omissions of Plaintiff or

13  third persons or entities unaffiliated with Home Depot.  To the extent that Home Depot is

14  found liable for damages, those damages must be reduced in proportion to Home Depot's

15  degree of fault.

16  **FIFTEENTH AFFIRMATIVE DEFENSE**

17      Plaintiff's damages, if any, resulted from the acts or omissions of third parties over

18  whom Home Depot had no control or responsibility.  The acts of such third parties

19  constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff.

20  **SIXTEENTH AFFIRMATIVE DEFENSE**

21      Plaintiff's claims for injunctive relief are barred, in whole or in part, insofar as

22  Plaintiff seeks to enjoin alleged events that have already transpired without the requisite

23  showing of threatened future harm or continuing harm.

24  **SEVENTEENTH AFFIRMATIVE DEFENSE**

25      Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to take all

26  necessary, reasonable and appropriate actions to avoid the injuries and damages alleged in

27  the SAC, the fact and extent of such injuries and damages being expressly denied by Home

28  Depot.

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2    Plaintiff's claims are barred, in whole or in part, to the extent they are based on

3 alleged acts, conduct, or statements that are specifically permitted by law.

4

**NINETEENTH AFFIRMATIVE DEFENSE**

5    Home Depot maintained a reasonable system of supervision and information-

6 gathering to prevent antitrust and unfair competition violations, enforced that system with

7 reasonable diligence, and did not directly or indirectly induce the violations alleged in the

8 SAC.

9

**TWENTIETH AFFIRMATIVE DEFENSE**

10    For any products for which plaintiff is an indirect purchaser, plaintiff cannot recover

11 damages or other monetary relief.

12

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

13    Plaintiff's claims are barred in whole or in part because Home Depot has been in

14 compliance with all statutes, regulations, and other laws in effect at the time of the conduct

15 allegedly giving rise to Plaintiff's claims.  The cause of action for violation of California

16 Business and Professions Code Section 17200 et seq. is barred by the safe harbor provided

17 by Home Depot's compliance with federal and/or state laws and regulations. *See Cel-Tech.*

18 *Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

19

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

20    If any of the alleged acts and omissions of Home Depot as alleged in the SAC

21 actually occurred, which Home Depot denies, some or all resulted from an unintentional

22 error notwithstanding the use of reasonable procedures adopted to avoid such error, and the

23 appropriate correction has been made.

24

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

25    At all relevant times, Home Depot's actions with respect to the matters alleged in

26 the SAC were proper, lawful and reasonable under the circumstances.  Home Depot's

27 intentions, motives and purposes were without malice and were in accord with reasonable

28 business judgment and practice concerning the legitimate interests of its business.

1    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2    Plaintiff is not entitled to recover any punitive or exemplary damages, and any

3    allegations with respect thereto should be stricken because:

4    a.    Plaintiff has failed to plead facts sufficient to support allegations of

5    oppression, fraud and/or malice; and/or

6    b.    Plaintiff has failed to plead facts sufficient to support allegations of

7    gross or reckless disregard for the rights of Plaintiff or that Home Depot was motivated by

8    evil motive or intent; and/or

9    c.    Neither Home Depot nor any of Home Depot's officers, directors or

10   managing agents committed any alleged oppressive, fraudulent or malicious act, authorized

11   or ratified such an act, or had advance knowledge of any alleged unfitness of any employee

12   or employees who allegedly committed such an act, or employed any such employee or

13   employees with a conscious disregard of the rights or safety of others.

14   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

15   Any claim for punitive or exemplary damages is barred by the First, Fifth, Eighth

16   and Fourteenth Amendments to the Constitution of the United States and by Article I of the

17   Constitution of the State of California, and California Civil Code Section 3294 is invalid on

18   its face and/or as applied to Home Depot in this action because it contravenes rights

19   guaranteed to Home Depot under the aforesaid amendments and constitutions.

20   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

21   Home Depot may have other affirmative defenses against Plaintiff, and reserves the

22   right to assert such defenses in a timely fashion after the facts to support such defenses

23   become known to Home Depot.

24   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

25   Home Depot reserves the right to assert other defenses as discovery proceeds.

26

27

28

1

**PRAYER FOR RELIEF**

2    WHEREFORE, Home Depot USA, Inc. prays the Court as follows:

3    1.    That Orchard Supply Hardware, LLC's Second Amended Complaint be

4          dismissed with prejudice;

5    2.    That the Court enter judgment in favor of Home Depot U.S.A., Inc.;

6    3.    That the Court award Home Depot U.S.A., Inc. its costs and expenses,

7          including attorneys' fees; and

8    4.    That the Court enter further relief as the Court deems just and proper.

9

10   Dated:  November 29, 2013.

11                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                                ROXANE A. POLIDORA (CA Bar No. 135972)
12                              ANDREW D. LANPHERE (CA Bar No. 191479)
                                LINDSAY A. LUTZ (CA Bar No. 254442)
13                              Four Embarcadero Center, 22nd Floor
                                San Francisco, CA  94111
14                              Telephone: (415) 983-1000
                                Facsimile: (415) 983-1200
15
                                By:  _____/s/ Roxane A. Polidora_____
16                                            Roxane A. Polidora

17                              Attorneys for Defendant
                                HOME DEPOT U.S.A., INC.
18

19

20

21

22

23

24

25

26

27

28